IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.         No. CR 12-1167 RB

MELCHOR ARROYOS, and
ERNEST JOE MARQUEZ

    Defendants.

**ORDER DENYING MOTION IN LIMINE**

This matter is before the Court on Defendants' joint Motion in Limine to Exclude Expert Testimony. (Doc. 266). The motion is based on the extremely late disclosure of one of the Government's expert witnesses, DEA Special Agent Conan Becknell. The Government opposes the motion. (Doc. 270). Bound by precedent and finding no prejudice to the Defendants, the Court **DENIES** the motion.

On December 27, 2012, the parties' stipulated scheduling agreement was entered as an order by the Court. (Doc. 152). The parties determined that an appropriate date for expert disclosures was February 15, 2013, with trial set to begin May 27, 2013. The Government disclosed one expert, chemist Dustin R. Barr, on March 15, 2013. (Doc. 166). Just two weeks after this expert disclosure was filed, Defendant Melchor Arroyos filed a motion to determine mental competency. (Doc. 174). Though ultimately deemed competent on May 16, 2013, (Doc. 201), the pendency of Mr. Arroyos' evaluation necessarily delayed the proceedings. As a result, the Court granted a continuance requested by Defendants Marquez and Arroyos on May 9, 2013. (Doc. 194; Doc. 197). The trial was continued to July 22, 2013. (Doc. 197). In conjunction with the

continuance of the trial date, the Court extended the motions deadline to May 30, 2013. (*Id.* at 2). However, the expert disclosure deadline was not extended.

On July 19, 2013, the Government filed a Second Notice of Expert Witness Testimony, (Doc. 255), identifying Agent Becknell as an expert in the fields of narcotics and drug trafficking. The United States seeks to introduce, through Agent Becknell, testimony regarding the following: (1) the value of the methamphetamine seized in this case and that the amount seized is consistent with distribution rather than personal use; (2) the methods commonly used in the distribution of methamphetamine; (3) the methods used by traffickers to traffic methamphetamine and to avoid apprehension; (4) the structure of drug trafficking organizations; (5) the use of couriers to transport money and drugs; and (6) the coded language typically used by narcotics traffickers and used in the recorded calls in this case.

Four days after the notice was filed, Defendants moved to exclude Agent Becknell as a witness, asserting that exclusion is an appropriate sanction for the late disclosure. (Doc. 266). Specifically, Defendants contend that there was no reason for the late disclosure given that Agent Becknell is, like the case agent, a DEA agent, and that the Government should have known that it sought to introduce testimony on these issues by the time it obtained the Superseding Indictment. (*Id.* at 2). Defendants contend that they are prejudiced in that they have no time to retain an expert to counter Agent Becknell's testimony and in that they will have difficulty cross-examining Agent Becknell due to the late disclosure. (*Id.* at 3).

Federal Rule of Criminal Procedure 16 provides for discretionary sanctions if Rule 16 is violated, allowing the court to:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;

>   (C) prohibit that party from introducing the undisclosed evidence; or
>
>   (D) enter any other order that is just under the circumstances.

FED. R. CRIM. P. 16(d)(2). The appropriate remedy for a discovery violation falls within the broad discretion of the district court. *See United States v. Burke*, 571 F.3d 1048, 1054-55 (10th Cir. 2009) (citations omitted) (addressing *Brady* violation).

The Tenth Circuit has identified considerations for the district courts in fashioning an appropriate sanction: "(1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance." *United States v. Martinez*, 455 F.3d 1127, 1130 (10th Cir. 2006) (citing *United States v. Muessig*, 427 F.3d 856, 864 (10th Cir. 2005)). After considering these factors, the court should impose "the least severe sanction that will accomplish prompt . . . and full compliance with the court's discovery orders." *Id.* (quoting *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1998)).

As to the first factor, the Government asserts that it did not file an expert disclosure earlier because it hoped that the case would be resolved without a trial. The Government states that plea negotiations did not come to a complete halt until the last week of June with Mr. Arroyos and shortly before July 10 with Mr. Marquez. (Doc. 270 at 2). The Government also notes that lead counsel went on maternity leave around the same time. (*Id.* at 2 n.1). That explanation does not account for the fact that the Government had already disclosed one expert. Nevertheless, the Court finds that there is no indication of bad faith or an attempt to surprise the Defendants. In a criminal case of this nature, involving a drug conspiracy and resulting in a seventeen-count indictment against ten Defendants, the defense should not be surprised that the Government would seek to

introduce evidence to explain the operation of drug trafficking organizations and the coded language used in phone conversations, among other topics. Indeed, such evidence should be anticipated. Additionally, the Government did not submit its expert disclosure on the eve of trial, but ten days before trial is scheduled to begin. Though the disclosure was five months late and the explanation fails to fully satisfy the Court, the Government's failure to timely disclose this expert, particularly in light of the nature of the case, does not demonstrate bad faith.

More significantly, the Court finds little prejudice to the Defendants. As stated above, testimony explaining the structure and methods of drug trafficking organizations, the amount of narcotics seized, and coded language is commonly utilized by the Government in drug conspiracy cases. *See United States v. Lovern*, 590 F.3d 1095, 1102 (10th Cir. 2009) (citing *United States v. Becker*, 230 F.3d 1224, 1231 (10th Cir. 2000); *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir.1992)). Within ten days, Defendants should be able to adequately prepare to cross-examine Agent Becknell, particularly given that such testimony is routine, does not involve new or controversial topics, and reasonably could have been anticipated. Because the Court concludes that the Defendants are not prejudiced, it does not reach the viability of lesser sanctions. The Court finds that all factors weigh in favor of denying Defendants' request for sanctions.

With that said, the Court finds apt the Government's statement that "[t]his is not the first time that a party to a criminal proceeding has provided notice of expert testimony after the discovery order deadline." (Doc. 270 at 1). Indeed, this Court regularly considers defense motions in limine based on late disclosures by the Government in criminal matters. Despite the Court's repeated criticism of the Government's casual approach to discovery deadlines, little has changed. The Court finds the late disclosure in this case particularly egregious. The Government, along with the Defendants, set the deadline for expert disclosures. The Government was able to file one

expert disclosure in a more timely fashion. The Government was certain that Mr. Arroyos intended to proceed to trial almost a month before it filed the disputed disclosure. Finally, the Government's argument that testimony akin to Agent Becknell's is commonly introduced in drug conspiracy cases demonstrates a long-standing intention to introduce such testimony in this case. Nevertheless, in light of the relevant factors, detailed above, the Court concludes that the Defendants have not been prejudiced and no sanction is warranted.

Reaching Defendants' request that Agent Becknell's testimony be limited based on relevance and unfair prejudice, Defendants failed to specify the portions of Agent Becknell's anticipated testimony they consider irrelevant or unduly prejudicial and failed to cite any authority supporting their request, as required by this District's Local Rules. *See* D.N.M.LR-Crim. 47.7. This Court generally allows law enforcement agents to testify as to the significance of drug quantity, the monetary value of drugs, and the workings of drug distribution organizations. *See United States v. Frank Thomas Vigil and Francisca Lidia Cisneros*, No. CR 12-312 RB (D.N.M.). Accordingly, the Court denies Defendants' request to preemptively limit the scope of Agent Becknell's testimony. However, the Court will not allow testimony expressing an ultimate opinion on whether the Defendants possessed the *mens rea* required for any of the charged offenses, and the Court will entertain a defense objection should the Government fail to demonstrate the tie between the evidence admitted and Agent Becknell's testimony.

**IT IS THEREFORE ORDERED** that Defendants' Motion in Limine to Exclude Expert Testimony (Doc. 266) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**